IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02200-DDD-CYC

EMPIRE STAPLE CO., a Colorado Corporation,

     Plaintiff,

v.

SOUTHERNCARLSON, INC., a Delaware Corporation, and
JAMES J. WYDRA, JR., an individual,

     Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

     Plaintiff Empire Staple Co. seeks to amend its complaint to add a claim for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. ECF No. 98. Defendant SouthernCarlson, Inc. opposes the proposed amendment. ECF No. 105, which defendant James J. Wydra, Jr. joins, ECF No. 106.  Because the plaintiff meets the relevant standards, the Court grants the motion.

## <u>BACKGROUND</u>

     The plaintiff brings a variety of claims against Wydra, its former employee, and SouthernCarlson, who employed Wydra after he left the plaintiff's employ. In response to the complaint, SouthernCarlson moved to dismiss it, ECF No. 18, and Wydra filed an answer, ECF No. 17. The motion was denied. ECF No. 60. The Scheduling Order thereafter set January 8, 2024 as the deadline for joinder of parties and amendment of pleadings. ECF No. 25 at 8.

     Afterwards, the parties engaged in discovery and filed competing motions for summary judgment, ECF Nos. 89, 90, each currently pending before the district judge. On the same day

they filed their Rule 56 motions, almost sixteen months after the deadline for amendment of
pleadings, the plaintiff filed the instant motion seeking to amend the complaint to add a claim for
exemplary damages under Colo. Rev. Stat. § 13-21-102.

## ANALYSIS

In Colorado, "[a] claim for exemplary damages . . . may not be included in any initial
claim for relief" and "may be allowed by amendment to the pleadings only after the exchange of
initial disclosures . . . [if] the plaintiff establishes prima facie proof of a triable issue." Colo. Rev.
Stat. § 13-21-102(1.5)(a). "A party seeking leave to add an exemplary-damages request after the
scheduling-order deadline to amend pleadings has passed must show (1) good cause to modify
the deadline pursuant to Federal Rule of Civil Procedure 16(b)(4); (2) that justice requires
granting leave to amend pursuant to Rule 15(a)(2); and (3) prima facie proof of a triable issue of
exemplary damages pursuant to Section 13-21-102(1.5)(a)." *Castle v. Nolan*, No. 20-cv-02481-
DDD-STV, 2023 WL 11903564, at *2 (D. Colo. July 21, 2023) (collecting cases); *Affordify, Inc.
v. Medac, Inc*., No. 19-cv-02082-CMA-NRN, 2020 WL 6290375, at *4 (D. Colo. Oct. 27, 2020).

As a preliminary matter, SouthernCarlson argues that the plaintiff's failure to mention
Rules 15 and 16 in its motion warrants summary denial. ECF No. 105 at 3. After all, courts often
note that "[a]n argument raised for the first time in a reply brief is waived." *Midtown Invs., LP v.
Auto-Owners Ins. Co.*, 641 F. Supp. 3d 1066, 1072 n.2 (D. Colo. 2022) (citing *Gutierrez v.
Cobos*, 841 F.3d 895, 902 (10th Cir. 2016)). The reasons are twofold: the practice deprives (1)
the respondent of an opportunity to rebut the new argument and (2) the Court of the benefits of
the adversary process. *Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1278 (10th Cir. 1994).
But here, the parties have provided fulsome briefing on the issue. *See* ECF No. 105 at 3–10; ECF
No. 123 at 1–4. There are no deprivations, then, that require skipping the issue. Moreover, there

is authority in this District holding that "[w]here the proposed amendments concern exemplary damages . . . Colo. Rev. Stat. § 13-21-102 governs" to the exclusion of Rules 15 and 16, so the plaintiff's initial failure to address those rules is understandable. *Uhl v. Progressive Direct Ins. Co.*, 765 F. Supp. 3d 1176, 1187 (D. Colo. 2025). It does not warrant summary denial.

Assuming, then, that those rules must be satisfied, *Castle*, 2023 WL 11903564, at *2, the plaintiff has done so here. To begin, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause for the amendment is established if the plaintiff has been sufficiently diligent in developing evidence to support a prima facie case for exemplary damages and in moving to amend once that evidence [wa]s obtained." *Castle*, 2023 WL 11903564, at *2 (citation omitted); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (to satisfy this standard a movant must show that the "scheduling deadlines cannot be met despite the movant's diligent efforts." (quotation marks omitted)).

The plaintiff could not have met the January 2024 amendment deadline with diligence. After all, "[i]t is the discovery process that is anticipated to supply the requisite prima facie evidence" to add an exemplary damages claim. *Castle*, 2023 WL 11903564, at *4. And discovery continued well past January 2024. For example, SouthernCarlson responded to the plaintiff's second set of requests for the production of documents on May 20, 2024, ECF No. 105-3 at 4, and Wydra served his third supplemental disclosure on September 9, 2024. ECF No. 105-1 at 2. And at least thirteen of the items relied on by the plaintiff in support of a prima facie case for exemplary damages came to it in that supplemental production. *See* ECF No. 105 at 5. In addition, SouthernCarlson's Rule 30(b)(6) witness was deposed on January 16, 2025; the instant motion came less than four months later. ECF No. 123-1 at 1. The plaintiff therefore built its

prima facie offer of proof through that discovery process, as it was required to do, and could not

have met the January 8, 2024 deadline for amendment of pleadings. And while the timing of its

motion some months after receiving the relevant discovery "is not a model of diligence, . . . there

is at least some good cause for" its delay to satisfy Rule 16. *Castle*, 2023 WL 11903564, at *4;

*see Am. Ins. Co. v. Pine Terrace Homeowners Assoc.*, No. 20-cv-00654-DDD-MDB, 2022 WL

5240648, at *3–4 (D. Colo. Oct. 6, 2022) (allowing amendment of answer to add a claim for

exemplary damages when motion was filed one year and nine months after the Rule 16

deadline), *recommendation adopted*, 2022 WL 17976699, at *3 (D. Colo. Nov. 23, 2022);

*Schimek v. Owners Ins. Co.*, No. 16-cv-02197-PAB-STV, 2017 WL 3621833, at *3 (D. Colo.

Aug. 23, 2017). That good cause suffices here.

      Nor do the cases that SouthernCarlson cites, ECF No. 105 at 7, compel a different

conclusion. This is not a case in which "the plaintiff offers no information when she learned . . .

additional information" contributing to amendment, *Calderón v. City and Cnty. of Denver*, No.

18-cv-00756-PAB-CYC, 2025 WL 938494, at *2 (D. Colo. Mar. 28, 2025), nor is it one where

the plaintiff "did not act with reasonable diligence in unearthing—through the customary tools of

discovery—the ostensibly 'newly discovered evidence' that allegedly justified the motion to

amend." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1021 (10th Cir. 2018).

      The plaintiff also satisfies Rule 15. Under Rule 15(a), once twenty-one days have passed

following service of a responsive pleading or a Rule 12 motion, a party may amend its complaint

only with leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a)(2); *see*

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Such leave is to be "freely given when justice so

requires," Fed. R. Civ. P. 15(a)(2), because ultimately "the 'purpose of the Rule is to provide

litigants the maximum opportunity for each claim to be decided on its merits rather than on

4

procedural niceties.'" *Watkins v. Action Care Ambulance, Inc.*, No. 07-cv-02598-PAB-BNB, 2010 WL 3834348, at *2 (D. Colo. Sept. 24, 2010) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). However, a court may refuse leave "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation marks omitted); *see Foman,* 371 U.S. at 182. The defendants bear the burden of proving that the amendment should be refused on one of these bases. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

SouthernCarlson and Wydra maintain that the plaintiff unduly delayed seeking leave to amend and prejudices them through the proposed amendment. ECF No. 105 at 8–10; ECF No. 106 at 1. As for delay, to be sure, there was an eight-month gap between Wydra's third supplemental disclosures and this motion's filing, as well as a more than three-month gap between the motion and SouthernCarlson's Rule 30(b)(6) deposition. But "[a]s a general rule, '[l]ateness does not of itself justify the denial of the amendment.'" *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1066 (D. Colo. 2014) (quoting *Minter*, 451 F.3d at 1205). Instead, "[t]he Court would need to find 'undue delay,' with 'emphasis on the adjective,' to deny this Motion under Rule 15." *Pine Terrace*, 2022 WL 5240648, at *4 (quoting *Minter*, 451 F.3d at 1205). The record demonstrates that during these gaps the parties were continuing to work on discovery. *See* ECF Nos. 62 (plaintiff's unopposed motion to amend Scheduling Order), 65 (defendant SouthernCarlson's unopposed motion to amend Scheduling Order), 71, 74, 77, and 81 (all joint motions to amend Scheduling Order). With the on-going

discovery and Colo. Rev. Stat. § 13-21-102's requirements, the delay in filing the instant motion was not undue. *Pine Terrace*, 2022 WL 5240648, at *4.

As for prejudice, that is the "most important[ ] factor in deciding a motion to amend" a complaint. *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id*. at 1208 (quotation marks omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. But here, the proposed exemplary damages claim is by its very nature "based on many of the same documents, testimony, and other evidence already gathered and at issue in this case." *Pine Terrace*, 2022 WL 5240648, at *4. "[I]ndeed it has to be, otherwise it would not be permitted under § 13-21-102." *Id*. As a result, there does not appear to be much additional discovery that would be needed and, if any is, "the court may, in its discretion, allow additional discovery on the issue of exemplary damages." Colo. Rev. Stat. § 13-21-102(1.5)(a).

Nevertheless, SouthernCarlson says, the instant motion was filed on the dispositive motion deadline, prejudicing it by precluding any opportunity to test the exemplary damages claim via summary judgment. ECF No. 105 at 9. This casts too dark a cloud. SouthernCarlson could seek leave to supplement its partial motion for summary judgment, ECF No. 90, or to file another motion limited to the exemplary damages claim. *Graham v. State Farm Mut. Auto. Ins. Co*., No. 19-cv-00920-REB-NYW, 2020 WL 9720368, at *7 (D. Colo. June 30, 2020), *recommendation adopted*, 2021 WL 2092813, at *1 (D. Colo. Mar. 31, 2021). In short, the exemplary damages claim shares a factual basis with the plaintiff's other claims and the defendants could seek leave to test it via Rule 56 if necessary. The amendment is not prejudicial.

Wydra also argues in a single sentence that "amendment is futile." ECF No. 106 at 1. However, this position is not "supported by a recitation of legal authority," D.C.COLO.LCivR 7.1(d), and his brief assertion "develop[s] this argument so superficially . . . as to waive it." *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1128 n.6 (10th Cir. 1999). There is therefore no need to analyze it.

Finally, the plaintiff has met the requirements of Colo. Rev. Stat. § 13-21-102, which allows a claim for exemplary damages only if the plaintiff "establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13-21-102(1.5)(a). "Prima facie proof of a triable issue of exemplary damages is established by a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) (quotation marks omitted). "Prima facie evidence is evidence that, unless rebutted, is sufficient to establish a fact." *Id*. This is "a lenient standard." *Id*. at 450. The evidence, which a court views in the light most favorable to the plaintiff, need only make out a prima facie case; it need not be "sufficient to defeat a motion for summary judgment or to result in a jury verdict in [the plaintiff's] favor." *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG, 2018 WL 3055772, at *4 (D. Colo. May 10, 2018). In turn, that prima facie case requires a plaintiff to demonstrate that "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a).

The plaintiff hangs its hat on the last option: willful and wanton conduct. ECF No. 98-33 ¶¶ 38, 79. This is "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13–21–102(1)(b). "Where the defendant[s are] conscious of [their] conduct and the existing conditions and knew or should have known that injury would

result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co*., 112 P.3d 59, 66

(Colo. 2005).

The plaintiff's evidence crosses that threshold. In March 2023, while employed by the

plaintiff, Wydra was in talks with SouthernCarlson, a competitor of the plaintiff, to jump ship.

ECF Nos. 98-3, 98-4, and 98-5. In April 2023, two high-ranking employees of the plaintiff heard

a rumor about that possibility and confronted Wydra. ECF No. 98-1 ¶¶ 6–8. Wydra "denied he

had any plans to leave" the plaintiff and told them that he planned to stay until he retired. *Id*. ¶ 8.

With the plaintiff's suspicions eased, Wydra continued to have access to its proprietary

information. *Id*. ¶ 9–10. But within a week, Wydra received and signed an offer of employment

with SouthernCarlson. ECF Nos. 98-7 and 98-8. During his waning days with the plaintiff,

Wydra began forwarding information to SouthernCarlson to which he was privy by virtue of his

employment. For example, the same day he spoke to the two employees about his desire to stay

with the plaintiff, Wydra forwarded a request he had received for a quote from a customer of the

plaintiff to SouthernCarlson, routed first through a personal email account. ECF No. 98-9. He

also sent information to SouthernCarlson relating to "his two main accounts" at the plaintiff.

ECF No. 98-11. And employees of SouthernCarlson participated in receiving this information

and adding it to their knowledge base. *Id*. Further, SouthernCarlson's own Rule 30(b)(6) witness

testified that the information provided was not publicly available and that he was not aware of

any steps SouthernCarlson took to develop information about clients Wydra brought with him

independent of Wydra's information. ECF No. 123-1 at 242:22–243:19. This, along with other

evidence the plaintiff submitted, suffices to establish a prima facie case for exemplary damages.

*See W. Fire Truck, Inc. v. Emergency One, Inc*., 134 P.3d 570, 578–79 (Colo. App. 2006).

SouthernCarlson protests that neither an employee nor a future employer have a duty to tell a current employer that an employee is leaving. ECF No. 105 at 11–12. SouthernCarlson adds that a competitor can "prepare to compete." *Id*. at 13. But these arguments miss the point. The plaintiff is not arguing that the defendants had to tell the plaintiff's employees that Wydra was leaving or could not prepare for his future employment. Instead, the evidence the plaintiff presented shows "the injury complained of [loss of business] is attended by circumstances of . . . willful and wanton conduct," Colo. Rev. Stat. § 13-21-102(1)(a), because Wydra and employees of SouthernCarlson were "conscious of [their] conduct and the existing conditions and knew or should have known that injury would result." *Coors*, 112 P.3d at 66.

To sum up, the plaintiff has met the requirements of Rules 15 and 16 and Colo. Rev. Stat. § 13-21-102. As a result, it will be allowed to amend to add a claim for exemplary damages.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Exemplary Damages, ECF No. 98, is **GRANTED**.

It is further ORDERED that, as of the date of this Order, the Clerk of the Court shall accept ECF No. 98-32 and file it as a separate entry on the docket.

Entered this 19th day of December, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge